UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) NO. 3:17-cv-01441 |
| v. | )<br>) |
| JAY COSTA KELTER, | )<br>) |
| Defendant. | ) |

## CONSENT JUDGMENT

Before the Court is the United States Securities and Exchange Commission ("SEC") and Jay Costa Kelter's Motion to Approve Consent Judgment (Doc. No. 49). Upon their agreement, and in compromise and settlement of the above-captioned action, the SEC and Kelter consent to the entry of judgment in terms described in the parties' Final Judgment as to Defendant Jay Costa Kelter (Doc. No. 49-2). Having reviewed the parties' agreed Final Judgment, and that the law and equities of the case support their agreement, the Court enters this Consent Judgment as follows:

1. Kelter acknowledges that jurisdiction in federal court is exclusive, 29 U.S.C. § 1132(e)(1), and that venue lies in this district pursuant to 29 U.S.C. § 1132(e)(2).

2. Kelter is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

   a. to employ any device, scheme, or artifice to defraud;

b. to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

c. to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

3. Kelter is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

a. to employ any device, scheme, or artifice to defraud;

b. to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

c. to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

4. Kelter is permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940, 15 U.S.C. § 80b-6(1) and (2), by using the means and instruments of transportation and communication in interstate commerce and/or by using the mails and wires, directly or indirectly:

a. to employ any device, scheme, or artifice to defraud any client or prospective client; or

b. to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

5. Pursuant to Federal Rule of Civil Procedure 65(d)(2), paragraphs 2-4 of this Consent Judgment also bind the following people who receive actual notice of the Consent Judgment by personal service or otherwise: (a) Kelter's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Kelter or with anyone described in (a).

6. Kelter is also liable for disgorgement of $1,467,000, representing profits gained as a result of the conduct alleged in the Complaint (Doc. No. 1), together with prejudgment interest thereon in the amount of $331,985.63, for a total of $1,798,985.63. However, the full disgorgement amount will be deemed satisfied by the $1,467,000 in restitution ordered against Kelter in <u>United States v. Jay Costa Kelter</u>, Case No. 3:17-cr-00208 (M.D. Tenn.), Doc. No. 167.

7. For purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Kelter, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Kelter under this Consent Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Kelter of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

8. The Court retains jurisdiction to enforce this Consent Judgment and its terms.

9. This Consent Judgment constitutes a final judgment of the Court, resolving all issues remaining in the case and constituting a final order against Kelter.

10. The Clerk is directed to close this civil action, subject to reopening in the event Kelter violates the terms of this Consent Judgment.

3

Case 3:17-cv-01441   Document 50   Filed 01/06/20   Page 3 of 4 PageID #: 140

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE